JOE SHIELDS
16822 Stardale Lane
Friendswood, Texas 77546
Phone: 281-482-7603
Email: antitelemarketer@gmail.com

United States Courts
Southern District of Texas
FILED

JAN 21 2020

David J. Bradley, Clerk of Court

JOE SHIELDS IN PRO PER

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOE SHIELDS ) <br> ) <br> Plaintiff ) <br> ) <br> vs. ) <br> ) <br>ERIC B. DICK INDIVIDUALLY AND ) <br>JOHN DOE SPAM TEXT BLASTER ) <br> ) <br> Defendant ) | CIVIL ACTION No. 3:20-cv-18 <br><br><br><br>COMPLAINT FOR CIVIL DAMAGES <br>AND PERMANENT INJUNCTIVE <br>RELIEF <br><br>JURY TRIAL REQUESTED |

ORIGINAL COMPLAINT

Plaintiff Joe Shields brings this action under the Telephone Consumer Protection Act (hereinafter TCPA), 47 U.S.C. §227, (1991), the Code of Federal Regulations (hereinafter CFR) implementing the TCPA, 47 CFR §64.1200, Texas Business and Commerce Code (hereinafter "TB&CC") §305.053 to obtain statutory civil damages, treble damages, injunctive relief and all other equitable relief the Plaintiff is entitled to under the TCPA and TB&CC.

JURISDICTION AND VENUE

1.  This Court has subject matter jurisdiction over this action pursuant to 47 U.S.C. §227(b)(3) and 28 USC §1357. Federal Courts have federal question jurisdiction, 28 USC §1331, because

this case is about a cause of action created by a federal statute namely 47 U.S.C. §227(b)(3). Federal Courts have federal jurisdiction, 28 USC §1357, because this case is about an injury to a person under an Act of Congress namely 47 U.S.C. §227.

2. This court has personal jurisdiction over the Defendant Eric B. Dick because he resides in this district and the violations and torts were committed on his behalf and under his direction in this courts district.

3. Venue is proper in this District under 28 USC §1391(b)(2) because all or a substantial part of the events or omissions giving rise to the stated claim(s) occurred in Harris County, Texas.

ARTICLE III STANDING

4. Plaintiff has suffered concrete injuries through the making of an unwanted and unauthorized text message call to Plaintiff's cellular telephone number. The Defendant's unwanted and unauthorized text message calls invaded Plaintiff's privacy and caused the Plaintiff to suffer actual harm, nuisance and aggravation. Plaintiff was forced to waste precious time in dealing with the text message call. The unwanted and unauthorized text message call caused the Plaintiff to suffer lost value of the cellular services Plaintiff pays for, used up space on Plaintiffs cell phone and caused the Plaintiff to suffer a loss of the use and enjoyment of his cell phone. Plaintiff's injuries include wear and

tear to his phones data, memory, software, hardware and battery among other harms. Plaintiff's concrete injuries are redressable by rulings of this Court to grant damages to make Plaintiff whole and injunctive relief as provided for by law.

### PLANTIFF

5. Plaintiff is an individual residing in Harris County, Texas. Plaintiff is a cellular telephone subscriber and has had his current cell phone service and cell number, 281-467-XXXX, since May of 2006. Plaintiff's cell phone service has three (3) cell numbers assigned to it, one for each member of his family. The Plaintiff is the account holder of the described cell phone service.

6. Prior to the events complained about, Plaintiff did not have any dealings with the Defendants. Further, Plaintiff never provided prior express consent to the Defendants or anyone acting in concert with the Defendants for impersonal text message calls to be made to Plaintiff's cellular telephone number. The Plaintiff and his family share their cell phone numbers with family members and personal acquaintances only.

7. Plaintiff's cellular telephone number is in area code 281 which is located within this courts district.

### DEFENDANTS

8. Eric B. Dick is an individual (hereinafter "Eric Dick"). The Defendant Eric Dick is a politician, an attorney and the Presiding Board President of the Harris County Department of

Education. The Defendant Eric Dick may be served by serving him at his personal residence at 5234 Blossom Street, Houston, Texas 77007-5206 or at his business office at 3701 Brookwoods Drive, Houston, TX 77092.

9. Defendant John Doe Text Message Blaster (hereinafter "text message blaster") provides text message blasting services to entities that seek to reach massive numbers of cell phone users. Defendant text message blaster does not provide text messaging services for individual wireless accounts. Defendant text message blaster is the entity whose equipment physically made the unwanted and unauthorized text message call to the Plaintiff on behalf of and under the direction of the Defendant Eric Dick. Plaintiff expects that additional text message calls to Plaintiff's and Plaintiff's family cell phone numbers will come to light and be added in an amended complaint.

## THE TEXT MESSAGE CALL

10. The cellular telephone network is not a public switched telephone network ("PSTN"). The telephones used in a PSTN were predominately owned by the carrier. In a cellular network individual consumers own the telephones. Thus, unwanted and unauthorized text message calls intrude upon private property, invade the privacy of the cell phone owner, inconvenience the recipients of the text message call who have to deal with it and take up space on the recipients cell phone which cannot be used for

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

other purposes until the space is cleaned up by the cell phone owner.

11. The Defendant Eric Dick working in concert with the Defendant text message blaster used an especially pernicious form of advertising to promote Defendant Eric Dicks political agenda: the transmission of unwanted and unauthorized text message calls to consumer's cellular telephone numbers throughout southeast Texas without prior express consent of the recipients of the unwanted and unauthorized text message calls.

12. The text message call was made en masse to tens of thousands if not hundreds of thousands of unwilling recipients and were made by or on behalf of the Defendant Eric Dick and for the benefit of the Defendant Eric Dick. The unwanted and unauthorized text message call made to Plaintiff's cellular telephone number was a generic text message transmitted unchanged and en masse to tens of thousands if not hundreds of thousands of unwilling recipients. The unwanted and unauthorized text message call stated:

> Hi!:) Im Jen a
> volunteer. Its a crime
> to feed the poor.
> Will you vote for Eric
> Dick for City Council
> to change that law?
> Sign the petition
> https://cutt.ly/hou

13. The text message call was made using the telephone number 832-246-7745. The 832-246-7745 at the time the unwanted and

unauthorized text message call was made was assigned to a company call Inteliquent Inc. Inteliquent is not a wireless service provider. Inteliquent provides mass texting capabilities and does not service individual wireless accounts. Therefore, the unwanted and unauthorized text message call did not originate from a personal cell phone but rather from an automated dialer.

14. The Plaintiff texted a reply of "Who is this?" and did not receive an answer which indicates that no human was on the other end of the line. After waiting for approximately ten minutes with still no reply Plaintiff texted "stop" and immediately received a response that he was unsubscribed from that number another indication that the text message call was made by an automated system.

15. The automated system was set up to blast as many of the same text messages as possible to the purchased cell phone number list which is exactly what the TPCA prohibits. The same text message is sent over and over and over again as many as two every second. The actual dialing of the cell number is an automated process. And as shone above and as with artificial or prerecorded voice calls no live conversation occurred between the Plaintiff and any alleged volunteer.

16. A personal cell phones was not the source of the unwanted and unauthorized text message call. The text banks (similar to phone banks) used by the Defendants to make the

unwanted and unauthorized text message calls consist of a software application and computerized hardware which is "…equipment which has the capacity – to store... telephone numbers to be called... and to dial such numbers."[1]

17. Lists of cell phone numbers are purchased by the Defendants from list brokers and loaded into the text banks. The uploaded lists automatically populate columns of a dialing list with telephone numbers and names and whatever information the Defendants sought to extract from the purchased lists. Alleged volunteers who are really just "click monkeys" are presented with a list of numbers which are clicked on 2 every second which starts the automated dialing procedure. The click monkeys use the text banks to blast as many repetitive and impersonal text messages as physically possible. Consequently, the device(s) used by Defendants to blast thousands if not hundreds of thousands of impersonally scripted and repetitive text messages meet, in several ways, the definition of automatic telephone dialing system under the TCPA.

## THE TCPA

18. A Text message call is an "automatically dialed call" as defined by the TCPA, the Federal Communications Commission (hereinafter "FCC) and all the courts that have had the opportunity to entertain spam text message call claims. Text message calls are

---

[1] The "or" in the statute creates two separate and independent conditions that define automatic telephone dialing systems.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

indistinguishable from artificial or prerecorded voice calls. This is reasonable as no live conversation with the Plaintiff occurred. The TCPA prohibits making a call using an artificial or prerecorded voice to cell phone numbers without prior express consent of the called party. The TCPA's prohibition on artificial or prerecorded voice calls to cell phone numbers applies to text message calls as well.

19. Recently, entities seeking to circumvent the TCPA have claimed that using a click monkey (or human intervention) removes the unwanted and unauthorized text message call from the TCPA's reach. There is no human intervention exemption in the TCPA. There are two exemptions: 1. Prior express consent or 2. An emergency purpose both of which do not apply to the Defendant Camarillo's unwanted and unauthorized text message call. The FCC, in a footnote in an FCC order, has stated that human intervention will be considered on a case by case basis in FCC enforcement action. The FCC has never created a "human intervention" exemption from the TCPA.

20. The proscription on text message calls without consent of the called party or an emergency purpose applies to **all** (emphasis added) text message calls regardless of how the text message call is made, is received or the merit of the message. That includes text message calls for political, polling, debt collection, informational and even charity purposes. Defendant was

placed on notice about such a proscription in an advisory made public by the FCC on September 11th, 2012, March 14th, 2016 and again on November 18th. 2016[2].

21. It should be noted that the above FCC Notice specifically includes text message calls: "(including autodialed live calls, prerecorded or artificial voice messages, **and text messages**)" (emphasis added).

22. The Defendant Eric Dick need not be the one that actually made the text message call to Plaintiff's cellular telephone number to be liable for the violation(s) of the TCPA. The TCPA, the FCC and the courts consider those on whose behalf a violation of the TCPA occurred to be liable for such violation(s). This is a wholly reasonable assessment of the statutory schema, given that Congress found that such calls are an inconvenience, an invasion of privacy, a threat to public safety and cost the recipient both time and money. Further, Defendant Eric Dick authorized the click monkeys to act on his behalf. Defendant Eric Dick has ratified his liability for the TCPA violations by accepting the rewards from the unwanted and unauthorized text message calls.

TEXAS BUSINESS AND COMMERCE CODE

---

[2] DA-14-1505a1 Warning Political Campaigns And Promoters Against Robocall Abuse, DA-16-264a1 Biennial Reminder For Political Campaigns About Robocall And Text Abuse And DA-16-1299a1 Text Message Senders Must Comply With The Telephone Consumer Protection Act.

23. TB&CC §305.053 provides for a separate private right of action for the receipt of a communication which violates **any** of the rules of the TCPA or **any** provision under the CFR implementing the TCPA. Unwanted and unauthorized text message calls made to cellular telephone numbers without prior express consent of the called party or an emergency purpose are an invasion of the called party's privacy a quantifiable and actionable injury under TB&CC §305.053. The Texas Statute prohibition on artificial or prerecorded voice calls without consent of the called party or an emergency purpose applies to all calls regardless of content.

## VIOLATIONS OF THE TCPA

24. Plaintiff realleges and incorporates the allegations above as though fully set forth herein.

### Count I

25. On or about September 14th, 2019 at or about 03:06 p.m. an unwanted and unauthorized text message call was made to Plaintiff's cellular telephone number 281-467-XXXX. The text message call was made by or on behalf of the Defendant Eric Dick. There was never any prior express consent from the Plaintiff for the Defendant or anyone acting on his behalf to make such text message call to Plaintiff's cellular telephone number. Thus the initiation of such text message call is a violation of 47 U.S.C. §227(b)(1)(A)(iii) and 47 CFR §64.1200(a)(1)(iii).

## VIOLATIONS OF THE TB&CC

Count II

26. On or about September 14th, 2019 at or about 03:06 p.m. an unwanted and unauthorized text message call was made to Plaintiff's cellular telephone number 281-467-XXXX. The text message call was made by or on behalf of the Defendant O'Rourke. There was never any prior express consent from the Plaintiff for such a text message call to be made to Plaintiff's cellular telephone number. Thus the initiation of such text message call is a violation of TB&CC §305.053.

## APPLICABLE TO ALL COUNTS

27. Plaintiff has suffered actual damages for the invasion of Plaintiff's privacy caused by the unwanted and unauthorized text message calls to his cellular telephone number. The TCPA and TB&CC each state that an individual may bring a civil action against a person who violates the TCPA for actual or statutory damages for **each** violation of the TCPA. See 47 U.S.C. §227(b)(3) and TB&CC §305.053. Consequently, Plaintiff hereby seeks statutory damages of $500.00 for each violation of the TCPA and $500.00 for each violation of the TB&CC. Thus, Plaintiff seeks $1,000.00 for counts I (1) through count II (2) for violations of the TCPA and the TB&CC.

28. Plaintiff additionally alleges that the violations of the TCPA and TB&CC were done willfully and/or knowingly. Certainly, the false implication that some volunteer made the text message

call from a personal cell phone and therefore the text message call is exempt from the TCPA exemplifies specific knowledge of the TCPA and a willful and knowing attempt to circumvent the TCPA. Pursuant to 47 U.S.C. §227(b)(3) and TB&CC §305.053(c) Plaintiff seeks additional damages in an amount determined by the Court to be equal to treble the amount found by the Court in accordance with Counts I and II in paragraph 27 hereof.

## PERMANENT INJUNCTIVE RELIEF

29. An injunction is a matter of law pursuant to 47 U.S.C. §227(b)(3)(A), TB&CC §305.053. Plaintiff and members of the public will benefit from injunctive relief.

30. Plaintiff alleges that Defendant(s) will continue to irreparably harm Plaintiff and others by continuing to make unwanted and unauthorized text message calls to Plaintiffs' and other members of the public's cellular telephone numbers without prior express consent of the called party. Consequently, Plaintiff, pursuant to 47 U.S.C. §227(b)(3)(A) and TB&CC §305.053 hereby seeks a permanent injunction barring the Defendants from continuing to violate the TCPA by:

    a. Making or assisting, facilitating, permitting or causing text message calls to the cellular telephone numbers of members of the public without 1st obtaining prior express consent of the recipient of the call regardless of the method used to make the text message calls.

## PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff prays that the Defendants be cited to appear and answer herein and that upon trial hereof Plaintiff recover a judgment of and from the Defendant for his damages as allowed by law, treble damages, as allowed by law, injunctive relief as allowed by law, all common law actual and/or exemplary damages, all costs of court and for all such other and further relief, at law and in equity, to which Plaintiff may show himself justly entitled.

*Joe Shields*

Joe Shields
Plaintiff Pro Per
16822 Stardale Lane
Friendswood, Texas 77546
Home: 281-482-7603
Email: antitelemarketer@gmail.com