**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| **JOE SHIELDS,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. 3:20-cv-00018** |
| | § | |
| **ERIC B. DICK INDIVIDUALLY AND** | § | |
| **JOHN DOE SPAM TEXT BLASTER** | § | |
| | § | |
| *Defendant*. | § | |

**DEFENDANT ERIC B. DICK'S
ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT**

DEFENDANT Eric B. Dick ("Defendant" or "Dick"), files this Original Answer to Plaintiff Joe Shields' Original Complaint.

**JURISDICTION AND VENUE**

1. With respect to the allegations contained in Paragraph 1, Defendant does not dispute that this Court has jurisdiction over this matter.

2. The allegations in Paragraph 2 call for a legal conclusion and require no response. To the extent a response is required, Defendant admits that he lives in this district, but denies the allegations and leaves Plaintiff to his proofs thereto.

3. . With respect to the allegations contained in Paragraph 3, Defendant does not dispute that venue is proper in this Court.

**ARTICLE III STANDING**

4. The allegations in Paragraph 4 call for a legal conclusion and require no response. To the extent a response is required, Defendant denies the allegations and leaves Plaintiff to his proofs thereto.

## PLAINTIFF

5. Defendant is without sufficient knowledge as to the allegations in paragraph 5, and therefore denies the allegations set forth.

6. Defendant is without sufficient knowledge as to the allegations in paragraph 6, and therefore denies the allegations set forth.

7. Defendant admits the allegations contained in Paragraph 7.

## DEFENDANTS

8. Defendant admits the allegations contained in Paragraph 8.

9. Defendant is without sufficient knowledge as to the allegations in paragraph 9, and therefore denies the allegations set forth.

## THE TEXT MESSAGE CALL

10. Defendant denies the allegations set forth in Paragraph 10.

11. Defendant denies the allegations set forth in Paragraph 11.

12. Defendant is without sufficient knowledge as to the allegations in paragraph 12, and therefore denies the allegations set forth.

13. Defendant denies the allegations set forth in Paragraph 13.

14. Defendant is without sufficient knowledge as to the allegations in paragraph 14, and therefore denies the allegations set forth.

15. Defendant denies the allegations set forth in Paragraph 15.

16. Defendant is without sufficient knowledge as to the allegations in paragraph 16, and

therefore denies the allegations set forth.

17.     Defendant denies the allegations set forth in Paragraph 17.

## THE TCPA

18.     The cited sections of the TCPA and FCC speak for themselves, and paragraph 18 therefore requires no response.

19.     The cited sections of the TCPA and FCC speak for themselves, and paragraph 19 therefore requires no response.

20.     The cited sections of the FCC speak for themselves, and paragraph 20 therefore requires no response.

21.     The cited sections of the FCC speak for themselves, and paragraph 21 therefore requires no response.

22.     Defendant denies the allegations set forth in Paragraph 22.

## TEXAS BUSINESS AND COMMERCE CODE

23.     The cited sections of the TBCC and TCPA speak for themselves, and paragraph 23 therefore requires no response.

## VIOLATIONS OF THE TCPA

24.     Defendant restates and re-alleges by reference paragraphs one through 23 of Defendant's Answer to Plaintiff's Original Complaint.

25.     Defendant denies the allegations set forth in Paragraph 25.

## VIOLATIONS OF THE TEXAS BUSINESS AND COMMERCE CODE

26.     Defendant denies the allegations set forth in Paragraph 26.

## APPLICABLE TO ALL COUNTS

27.     The cited sections of the TCPA speak for themselves, and therefore Paragraph 27 requires

no response. To the extent that a response is required, Defendant denies the allegations set forth in Paragraph 27.

28.     The cited sections of the TBCC and TCPA speak for themselves, and therefore Paragraph 28 requires no response. To the extent that a response is required, Defendant denies the allegations set forth in Paragraph 28.

### PERMANENT INJUNCTIVE RELIEF

29.     Defendant denies the allegations set forth in Paragraph 29.

30.     Defendant denies the allegations set forth in Paragraph 30.

### AFFIRMATIVE DEFENSES

1.      Defendant has complied in all respects with any and all obligations that it may have owed to Plaintiff.

2.      Defendant did not use an auto text blaster to send text messages.

3.      Defendant did not use an artificial and/or prerecorded voice to send text messages.

4.      Plaintiff's Original Complaint is barred, in whole or in part, by the doctrine of laches.

5.      Plaintiff's Original Complaint is barred, in whole or in part, by the doctrine of unclean hands.

6.      Plaintiff's Original Complaint is barred, in whole or in part, by the doctrine of waiver.

7.      Plaintiff's Original Complaint is barred, in whole or in part, by one or more of the respective doctrines of estoppel.

8.      Plaintiff lacks standing to sue Defendant.

9.      Plaintiff has not incurred any actual injury or damages.

10. Any recovery by Plaintiff of statutory damages violates Defendant's rights to due process of law under the Fifth and Fourteenth Amendments to the United States Constitution and under the Texas Constitution.

11. If Plaintiff has sustained any damages, all such damages were not caused by Defendant, but were caused by the acts or omissions of third-parties over whom Defendant has no control.

12. Plaintiff is not entitled to recovery, in whole or in part, based upon his failure to mitigate damages. As such, any recovery should be reduced or precluded to the extent of such failure.

13. Defendant did not engage in any knowing or willful conduct toward Plaintiff.

14. Defendant reserves the right to assert such other and additional defenses for which discovery may reveal a factual basis.

15. The allegations of Plaintiff's Original Complaint are not well-grounded either in fact or in law, and/or have been asserted for an improper purpose, and Defendant reserves the right to seek an award of counsel fees and costs of suit against Plaintiff based thereon.

16. Defendant asserts an affirmative defense that relies upon such defenses as may become legally available hereunder or become apparent during discovery, including without limitation those defenses specific to the statutory law and common law of the United States of America which were available at the time the action was commenced or became available during the pendency of this proceeding and thereby reserve the right to amend their answer to assert any such defenses.

WHEREFORE having fully answered Plaintiff's Original Complaint, Defendant prays that the Court dismiss Plaintiff's Original Complaint with prejudice, and award Defendant any other relief the Court deems equitable and just.

Respectfully submitted,

**THE CARMONA FIRM, PLLC**

  /s/ Chris Carmona
**CHRIS CARMONA**
Federal Bar No. 1126802
State Bar No. 24072022
chris@carmonalawoffice.com
PO Box 7137
Houston, TX 77248
(832) 827-4529 phone
(832) 460-2724 fax

Attorney-In-Charge for Defendant



## CERTIFICATE OF SERVICE

I hereby certify that on this the 2nd day of March 2020, I electronically filed the foregoing via the CM/ECF system, and provided service of the same on all related parties via the Court's e-filing system pursuant to the Federal Rules of Civil Procedure.

/s/ Chris Carmona
CHRIS CARMONA